[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15781
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-20333-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANGELO MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2011)

Before BARKETT and HULL, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

--------

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

Deangelo Mitchell was charged with two counts of assault: assault with intent to commit murder under 18 U.S.C. § 113(a)(1) (Count 1), and assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) (Count 2).[1] As to Count 1, the jury found Mitchell guilty of the lesser-included offense of assault by striking, beating or wounding under 18 U.S.C. § 113(a)(4). As to Count 2, the jury returned a verdict of guilty of assault resulting in serious bodily injury. Mitchell appeals these convictions and his 96-month sentence. He argues on appeal that

(1)     the district court erred on Double Jeopardy grounds when it denied his motion to vacate his Count 1 conviction under 18 U.S.C. § 113(a)(4), because it is a lesser-included offense of his Count 2 conviction under 18 U.S.C. § 113(a)(6);

(2)     sufficient evidence did not exist to support his Count 2 conviction under 18 U.S.C. § 113(a)(6) because the government did not prove that the victim suffered serious bodily injury, a requirement under that provision;

(3)     the district court erred in denying his motion for a new trial

---

[1] 18 U.S.C. § 113(a) provides in relevant part:

(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(1) Assault with intent to commit murder, by imprisonment for not more than twenty years. . . .

(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both. . . .

(6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.

based on newly discovered evidence; and

(4)     the district court's imposition of an above-Guidelines sentence was unreasonable.

Initially, we note that the government concedes that, under the jury instructions given in this case, Mitchell's Count 1 conviction for assault by striking, beating, or wounding under 18 U.S.C. § 113(a)(4) was a lesser-included offense of his Count 2 conviction for assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). The district court thus erred in denying Mitchell's post-conviction motion to vacate his Count 1 conviction and six-month sentence under 18 U.S.C. § 113(a)(4), which we now vacate. See United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir. 1997) ("The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense.").

Turning to Count 2, Mitchell argues that the government did not present sufficient evidence to prove that the victim, Luis Tablas, suffered serious bodily injury, thereby precluding a conviction under 18 U.S.C. § 113(a)(6). For the purposes of 18 U.S.C. § 113(a)(6), "serious bodily injury" means a bodily injury involving (a) a substantial risk of death; (b) extreme physical pain; (c) protracted and obvious disfigurement; or (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. 18 U.S.C. § 1365(h)(3); 18 U.S.C.

3

§ 113(b)(2) ("As used in this subsection . . . the term 'serious bodily injury' has the meaning given that term in section 1365 of this title.").

Based on the evidence presented at trial, we find that a reasonable fact finder could have found beyond a reasonable doubt that Tablas's injury involved a substantial risk of death or extreme physical pain. The jury was free to credit the testimony of Dr. Lew, a medical examiner who reviewed the photographs of Tablas taken after the assault. Dr. Lew testified at trial that Tablas's injuries were consistent with strangulation, and that strangling a person into unconsciousness involves a substantial risk of death.[2] In addition, Tablas himself testified that he could not breathe and was in great pain during the assault and throughout the following week.

With reference to Mitchell's argument that the district court erred when it denied his motion for a new trial based on newly discovered evidence, we find no reversible error. Mitchell was aware of the allegedly new evidence during trial, and this evidence was merely impeachment evidence that was not material to the issues at trial. See United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (holding that a new trial based on newly discovered evidence is only warranted if, among other things, the evidence was "in fact discovered after trial,"

---

[2] We find that sufficient evidence existed to support the opinion rendered by Dr. Lew.

4

was material, and was "not merely cumulative or impeaching").

Finally, we find no reversible error in Mitchell's 96-month sentence on Count 2. The district court considered the relevant § 3553(a) factors and the totality of the circumstances of Mitchell's case. Based on his criminal history and behavior, the district court found that Mitchell presented an extreme danger to himself and others, and had an extremely violent personality that he appeared unable to control. The court found that it could not identify a single factor suggesting that anything less than a substantial sentence was warranted, but rather determined that the sentence imposed needed to reflect the seriousness of Mitchell's offense, promote respect for the law, and deter further criminal conduct. The district court was within its discretion in concluding that an upward variance was necessary to achieve these statutory sentencing goals.

For the foregoing reasons, we affirm Mitchell's conviction and sentence under 18 U.S.C. § 113(a)(6) (Count 2) for assault resulting in serious bodily injury, but we vacate his conviction and sentence under 18 U.S.C. § 113(a)(4) (Count 1) for assault by striking, beating, or wounding.

**AFFIRMED in part; VACATED in part, and REMANDED.**